# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

BRANDI ABTS,

                Plaintiff,

    vs.

PATRICIA A. MARR, LLC,

                Defendant.

Case No.: 2:25-cv-01377-GMN-EJY

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Pending before the Court is Magistrate Judge Elayna J. Youchah's Report and Recommendation ("R&R"), (ECF No. 4), recommending that the Court dismiss Plaintiff Brandi Abts's Complaint, (ECF No. 5), with prejudice.  Plaintiff filed an Objection. (ECF No. 6).

A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); D. Nev. R. IB 3-2.  Upon the filing of such objections, the Court must make a *de novo* determination of those portions to which objections are made. D. Nev. R. IB 3-2(b).  The Magistrate Judge recommends dismissing Plaintiff's Complaint with prejudice. (R&R 5:9–14, ECF No. 4).  Plaintiff objects to Magistrate Judge Youchah's conclusion that Defendant did not act under color of state law.[1] (*See generally* Object., ECF No. 6).  Reviewing Plaintiff's Objection and the R&R *de novo*, the Court agrees with the Magistrate Judge's recommendation.

Plaintiff brings a claim under 42 U.S.C. §1983, claiming Defendant Patricia A. Marr, a

---

[1] Plaintiff also argues that dismissal of her claim with prejudice would further depriver her of her right of due process under the 14th Amendment.  The Court finds this argument unpersuasive.  Because she does not have a cognizable claim under 42 U.S.C. §1983, dismissing the case is proper and does not implicate her right to due process.

private attorney, conspired with two state court judges to deprive Plaintiff of due process of law.[2]  To state a cause of action under § 1983, Plaintiff must show "(1) that the conduct complained of was committed by a person acting under the color of state law; and (2) that this conduct deprived them of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Pistor v. Garcia*, 791 F.3d 1104, 1114 (9th Cir. 2015).  A defendant acts under color of state law if she "exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).  Private actors do not generally act under color of state law. *Price v. State of Hawaii*, 939 F.2d 702, 707–8 (9th Cir. 1991).  Although an individual may bring a § 1983 claim against private attorneys who conspire with a state actor immune from liability, "merely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge." *Dennis v. Sparks,* 449 U.S. 24, 27–28 (1980).  Moreover, conclusory allegations that a private attorney "conspired" with a judge to deprive a plaintiff of her constitutional rights does not give rise to a cause of action. *Schucker v. Rockwood*, 846 F.2d 1202, 1205 (9th Cir. 1988).

Plaintiff alleges that Defendant filed false and improper representations. (Compl. at 9:1–7).  Additionally, Plaintiff claims that Defendant failed to timely serve her with evidentiary exhibits. (*Id.* at 11:19–24).  However, Defendant's conduct as a private attorney, even if performed inadequately or improperly, does not give rise to a claim under § 1983.[3] *Tanasescu v. State Bar of California,* No. SACV 11-00700-CJC (MAN), 2012 WL 1401294 (C.D. Cal. Mar. 26, 2012), *report and recommendation adopted*, Case No. SACV 11- 00700-CJC (MAN),

---

[2] In light of Plaintiff's *pro se* status, the Court liberally construes her filings. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

[3] Plaintiff argues that Magistrate Judge Youchah improperly extended judicial immunity to the Defendant. (Object. 5:15–20).  Judge Youchah did not find that Defendant's conduct was immune from liability, but rather that such did not give rise to a cognizable claim under §1983.

2012 WL 1401254 (C.D. Cal. Apr. 19, 2012), *aff'd*, 569 Fed.Appx. 502 (9th Cir. 2014).

Plaintiff also argues that, under *Dennis v. Sparks,* a private attorney may be found to act under color of state law. (Object. 4:7–10). However, the present case is distinct from *Dennis.* There, the Supreme Court found that an attorney acted under color of state law when there were allegations that the court's rulings were the result of a "corrupt conspiracy involving bribery of the judge." *Dennis*, 449 U.S. at 28. Here, by contrast, Plaintiff offers only conclusory statements that Defendant conspired with the state court judges. (Compl. at 4). She alleges a conspiracy primarily on the basis that the judges accepted Defendant's arguments and ultimately ruled in favor of Defendant. (Compl. at 11: 4–6; 11:22–12:20). She does not allege any criminal conspiracy, or indeed any facts that would demonstrate a conspiracy between Defendant and the judges. Such conclusory allegations cannot support a finding that Defendant acted under the color of state law. *See Schucker*, 846 F.2d at 1205. Plaintiff's claim thus fails as a matter of law.[4] Because the Court finds that the R&R reached the correct legal conclusion, it ADOPTS the R&R and DISMISSES Plaintiff's case with prejudice.

///

///

///

///

///

///

///

---

[4] Plaintiff argues that, as a *pro se* litigant, she should automatically be given leave to amend. (Object. 5:11–14). However, because her claim fails as a matter of law, leave to amend would not cure the complaint. Plaintiff further argues that the Court must accept her factual allegations as true. (Object. 5:21–25). Even accepting her allegations has true, Plaintiff has failed to allege any facts that would show Defendant was acting under the color of law. The Court therefore agrees with Magistrate Judge Youchah's finding that dismissal with prejudice is proper.

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation, (ECF No. 4), is **ADOPTED** in full.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint, (ECF No. 5), is **DISMISSED** with prejudice.

The Clerk of Court is kindly directed to close this case.

Dated this __11__ day of February, 2026.

_____
Gloria M. Navarro, District Judge
United States District Court